THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL ÁNGEL FERNÁNDEZ VÁZQUEZ, Defendant and Appellant.

No. 15363.    Argued April 1, 1953.—Decided May 25, 1954.

*Mario Báez García* for appellant.    *José Trías Monge, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The prosecuting attorney of the former District Court of Puerto Rico, Mayagüez Section, filed an information against the defendant, Miguel Fernández Vázquez, for the crime of attempt to kill, committed as follows: "The aforesaid defendant, Miguel Ángel Fernández Vázquez, on or about June 4, 1951, and in Mayagüez, Puerto Rico, which forms part of the Judicial District of Puerto Rico, unlawfully, wilfully and criminally, with malice, premeditation

and deliberation, with a firm and deliberate purpose to kill, showing a malignant and perverse heart, assaulted and battered the prosecutrix, Paquita Mercado Morales with a knife which is a deadly weapon, causing her serious wounds, with the intention then and there to commit murder on the person of Paquita Mercado Morales."

Defendant waived a trial by jury and was tried by the court. After the evidence for the prosecution and for the defense was introduced, the trial court found defendant guilty of aggravated assault and battery.

The defendant and appellant alleges that the trial court of Mayagüez committed the following error: "the former District Court, (now Superior Court) Mayagüez Section, committed manifest error of fact and of law and was moved by passion and prejudice in weighing the evidence . . . and in finding defendant guilty of . . . aggravated assault and battery . . ."

■■ We shall first set forth the evidence for the prosecution which was entirely believed by the trial judge. The prosecutrix in the case at bar, Paquita Mercado Morales, and the defendant had sexual relations (lived together) for some time and then separated. The defendant wanted the prosecutrix to live with him again but she was not interested. It seems that the injured party lived with another man, Julio Manuel Bonilla, who accompanied her the night of the assault. The assault was described by the prosecutrix as follows: "Miguel Fernández was at the stairs and when I was about to take a step he jumped on me with a knife, throwing me to the floor, and stabbing me. Then Bonilla came and told him: 'leave that lady alone.' When he said that, Miguel pounced on him with the knife and then Julio Manuel grabbed a car crank and hit him." The wounds inflicted on the prosecutrix were superficial, for they only penetrated the adipose tissue, that is, the fat beneath the skin.

The defendant testified that he had lived with the prosecutrix and that he thought she had left for the United States; that one night upon passing by the house of Mrs. Rosa Cintrón he saw the prosecutrix and approached her to inquire about some personal belongings which had disappeared from the room where they had lived together; she answered that she knew nothing about his missing belongings and the defendant left, but upon returning, as he passed by Mrs. Rosa Cintrón's house he heard a car coming suddenly to a halt at his side; that the prosecutrix alighted from the car, grabbed the defendant, and told the man who accompanied her: "Julio, here is Miguel"; that immediately the man who was with the prosecutrix hit him twice on the head with a crank, and once on his back; that the defendant fell on the ground, "unconscious," but "perhaps because of the same blow," he regained consciousness and was able to run; that the defendant wounded nobody, that he did not notice whether the prosecutrix was bleeding from any part of her body; that he cannot describe the wounds on the prosecutrix.

The facts are credible, as we pass judgment on defendant's testimony, up to the point of explaining the two incised wounds that the aggrieved party receives, one in the right forearm and another in the right anterior hemithorax, at the fifth intercostal space, one inch from the sternum. According to defendant's own description, Bonilla assaulted him and not the prosecutrix; yet, she had to be taken to a hospital to be treated by Dr. Maximiliano Almonte. We cannot see how the trial judge could fail to consider such an obvious reality as the fact that the prosecutrix received two wounds in a fight where defendant himself admits that he was the one whom Bonilla hit with a car crank. No matter how naive a judge may be in his role of an impartial trier of evidence, it cannot reach the point of making him believe that an Archangel's arm can reach down from heaven and, armed with a kitchen knife, six inches long,

with a black handle, stab a woman of rather questionable reputation.

Section 6 of the Act of March 10, 1904 (Sess. Laws, p. 48) "to define and punish simple assault, simple assault and battery, aggravated assault and aggravated assault and battery, and to repeal Section 237 of the Penal Code" provides that: "An assault and battery becomes aggravated when committed under any of the following circumstances: 1.—When committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty; 2.—When committed in a court of justice, or in any place of religious worship, or in any place where persons are assembled for the purpose of innocent amusement; 3.—When the person committing the offense goes into the house of a private family and is there guilty of an assault and battery; 4.—When committed by a person of robust health or strength upon one who is aged and decrepit; 5.—When committed by an adult male upon the person of a female or child, or by an adult female upon the person of a child; 6.—When the instrument or means used is such as inflicts disgrace upon the person assaulted, as an assault or battery with a whip, cowhide or cane; 7.—When a serious bodily injury is inflicted upon the person assaulted; 8.—*When committed with deadly weapons under circumstances not amounting to an intent to kill or maim;* 9.—When committed with premeditated design, and by the use of means calculated to inflict great bodily injury; 10.—When committed by any person or persons in disguise."

The evidence clearly shows that the assault and battery in the instant case was committed by means of a large-sized kitchen knife six inches long. A knife is a deadly weapon, a weapon which is capable of producing death or serious bodily injury: *People* v. *Díaz*, 66 P.R.R. 710, 711, (Travieso) (1946); *People* v. *Ríos*, 41 P.R.R. 759, 760, (Del

Toro) (1931). Therefore, it is not difficult to conclude that when a person is assaulted with a knife under circumstances not amounting to an attempt to kill or maim, such assault and battery is included within subdivision 8 of § 6 of the Act of March 10, 1904. (Sess. Laws, p. 48.)

■■ The offense of aggravated assault and battery is included in the offense of assault with intent to commit murder, because both crimes are against the person, the occurrence of either one or the other depending on the result of the evidence on attempt to commit murder. *People* v. *Pérez*, 65 P.R.R. 653, 654 (De Jesús), (1946); *People* v. *Castro*, 61 P.R.R. 93, 94, (Del Toro), (1942); *People* v. *Álvarez*, 57 P.R.R. 755, 757, (De Jesús), (1940). It follows therefore, that where the proof of intention presented by the Prosecuting Attorney does not satisfy the judge's conscience, he may find the defendant guilty of aggravated assault and battery, if he reaches the conclusion that the assault and battery was committed with a deadly weapon, under circumstances not amounting to an intent to kill or maim.

The judgment appealed from will be affirmed.

Mr. Chief Justice Snyder did not participate herein.